IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ARSENIO ARIAS HENRIQUEZ HERNANDEZ,** | : CIVIL ACTION NO. 1:25-CV-2221 |
| | : |
| | : **(Judge Neary)** |
| Petitioner | : |
| | : |
| v. | : |
| | : |
| **MICHAEL T. ROSE, KRISTI NOEM, and PAMELA BONDI,** | : |
| | : |
| | : |
| Respondents | : |

# MEMORANDUM

Individuals facing immigration proceedings typically receive bond hearings. The purpose of these hearings is to determine whether these individuals are either a flight risk or a danger to the community. If they are not, an immigration judge may order them released on bond pending the disposition of their immigration proceedings.

Petitioner Arsenio Arias Henriquez Hernandez has been in this country for over two decades. He was recently detained by respondents Michael T. Rose, Kristi Noem, and Pamela Bondi (collectively, the "Government"), who appear to be denying him a bond hearing before an immigration judge on account of a governmental policy which invokes a law inapplicable to Hernandez. Hernandez has filed a petition for a writ of habeas corpus and requests a temporary restraining order ("TRO") enjoining the Government from detaining him and ordering his immediate release.

Hernandez has unlawfully been denied a bond hearing, so the court will issue a TRO requiring the Government to provide him one. But the court will deny Hernandez's motion insofar as it seeks his immediate release.

## I. Factual Background & Procedural History

Hernandez, a citizen of El Salvador, entered the United States in September 2004 from Mexico without inspection. (See Doc. 1 ¶ 2). Hernandez has been detained by the Government since November 20, 2025. (Id. ¶ 4). The Government has denied or will deny Hernandez a bond hearing pursuant to a policy contending 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention provision renders Hernandez ineligible for release on bond. (Id. ¶¶ 1, 4).

On November 21, 2025, Hernandez filed a petition (Doc. 1) for a writ of habeas corpus raising statutory and constitutional claims challenging his ongoing detention without a bond hearing. On the same day, Hernandez moved for a TRO enjoining the Government from detaining him under 8 U.S.C. § 1225(b)(2)(A) and ordering his immediate release.

## II. Legal Standard

Injunctive relief "is an extraordinary remedy granted in limited circumstances." Issa v. Sch. Dist., 847 F.3d 121, 131 (3d Cir. 2017). The standard for obtaining a temporary restraining order under Federal Rule of Civil Procedure 65 is the same as the standard for obtaining a preliminary injunction. Cerro Fabricated Prods. LLC v. Solanick, 300 F. Supp. 3d 632, 647 n.5 (M.D. Pa. 2018). "A preliminary injunction must be issued with notice to the adverse party. . . . A TRO,

in contrast, may be issued without notice where it is clearly shown that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Hope v. Warden York County Prison, 956 F.3d 156, 160 (3d Cir. 2020) (cleaned up).

To obtain a TRO, a plaintiff must demonstrate "(1) he is likely to succeed on the merits, (2) he will suffer irreparable harm without preliminary relief, (3) the balance of equities favors an injunction, and (4) an injunction is in the public interest." Veterans Guardian VA Claim Consulting LLC v. Platkin, 133 F.4th 213, 218 (3d Cir. 2025). "The first two factors are 'gateway factors': A plaintiff must satisfy them both to be eligible for preliminary relief." Id. (citing Reilly v. City of Harrisburg, 858 F.3d 173, 179 (3d Cir. 2017)). The standard to show irreparable harm is demanding and requires the plaintiff to demonstrate such harm is more likely than not to occur absent injunctive relief. Id. (citing Reilly, 858 F.3d at 179). Where, as here, a party seeks a TRO against the government, "the latter two factors merge." Schrader v. Dist. Att'y of York Cnty., 74 F.4th 120, 126 (3d Cir. 2023).

### III. Discussion

Hernandez argues the Government's policy of mandatory detention under 8 U.S.C. § 1225(b)(2)(A) misapprehends federal law and violates his procedural due process rights. (Docs. 1, 2, 3). He maintains 8 U.S.C. § 1225(b)(2)(A) applies to those individuals detained while unlawfully entering the United States, whereas 8 U.S.C. § 1226—which provides for release on bond—should apply to him as he was detained while already present in the country. Hernandez contends the failure to

provide him a bond hearing violates his Fifth Amendment right to procedural due process.

His constitutional challenge likely succeeds on the merits. See U.S. CONST. AMEND. V; see also Trump v. J. G. G., 604 U.S. 670, 673 (2025) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings.") (quoting Reno v. Flores, 507 U.S. 292, 306 (1993)). Whether Hernandez's ongoing detention violates his procedural due process rights requires an assessment of:

> (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional procedural safeguards; and (3) the Government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail.

Mathews v. Eldridge, 424 U.S. 319, 321 (1976).

These factors all favor Hernandez. First, his private interest is "the interest in being free from physical detention," which is "the most elemental of liberty interests." Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004); see also Zadvydas v. Davis, 533 U.S. 678, 690 (2001) ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."). The restriction of liberty is particularly acute here where, absent a bond hearing, he would be detained for months or even years while his case proceeds. See Guasco v. McShane, No. 25-CV-1650, 2025 WL 3270201, at *1 (M.D. Pa. Nov. 24, 2025) ("The wheels of justice turn slowly."). Accordingly, the first Mathews factor strongly favors Hernandez.

4

So too does the second <u>Mathews</u> factor. There is a certainty—not merely a risk—that the failure to grant Hernandez a bond hearing would unlawfully deprive him of the opportunity to make the case for his release and incarcerate him indefinitely. Therefore, this factor also weighs in his favor.

Finally, the Government's interests do not weigh in its favor. Its two paramount interests are that an individual facing immigration proceedings does not abscond from justice and does not endanger the community. An immigration judge's bond order—either granting Hernandez bond because he does not present such risks or denying him bond because he does—would account for both those concerns. Furthermore, should the immigration judge grant Hernandez bond, the Government could seek an emergency stay of the bond order pursuant to 8 C.F.R. § 1003.19(i)(1) if it can "demonstrate that it was likely to succeed on the merits of its appeal to the [Board of Immigration Appeals] and that it would suffer irreparable harm in the interim." <u>Zavala v. Ridge</u>, 310 F. Supp. 2d 1071, 1078 (N.D. Cal. 2004). Therefore, the final <u>Mathews</u> factor cuts in Hernandez's favor as well.

Taken together, it appears Hernandez's continued detention without a bond hearing is unlawful. This position is shared by a growing number of courts across the country. <u>See</u>, e.g., <u>Gomez, v. Unknown Party</u>, No. 25-CV-03255, 2025 WL 3269055 (D. Ariz. Nov. 24, 2025); <u>Roman v. Olson</u>, No. 25-CV-169, 2025 WL 3268403 (E.D. Ky. Nov. 24, 2025) <u>Cantu-Cortes v. O'Neill</u>, No. 25-CV-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025). Thus, Hernandez has demonstrated a likelihood of success on the merits.

Hernandez will also suffer irreparable injury due to his continued detention without a bond hearing if his TRO is denied. See Arias Gudino v. Lowe, 785 F. Supp. 3d 27, 46 (M.D. Pa. 2025) ("In the immigration context, unlawful detention is a sufficient irreparable injury."); Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017) (concluding "Plaintiffs have established a likelihood of irreparable harm by virtue of the fact that they are likely to be unconstitutionally detained for an indeterminate period of time.").

Finally, both the balance of the equities and the public interest favor granting a TRO here. The government suffers no undue burden from Hernandez receiving a bond hearing to which he is entitled under 8 U.S.C. § 1226, and there is a strong public interest in preventing the unnecessary and unlawful detention of persons who otherwise should be set free. See Arias Gudino, 785 F. Supp. 3d at 48 (concluding "it is in the public's interest that individuals subject to immigration proceedings be afforded sound process and not be subjected to unlawful detention."); Hernandez, 872 F.3d at 995-96 (affirming the district court's reasoning that "any additional administrative costs to the government are far outweighed by the considerable harm to Plaintiffs' constitutional rights in the absence of [an] injunction . . . [which] will likely prevent the unnecessary detention of non-citizens").

## IV. Conclusion

Hernandez is entitled to a bond hearing. Accordingly, the court will grant Hernandez's motion (Doc. 2) for a TRO in part and deny it in part. The Government must provide Hernandez with a bond hearing as set forth in an accompanying order.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: November 25, 2025